IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KIRK IRVING KOSKELLA,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | ORDER<br><br><br><br>Case No. 2:10-CV-1261 |

On December 20, 2010, Kirk Irving Koskella, a federal inmate appearing pro se, filed a pleading entitled "Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255," attacking the Plaintiff's sentence. (Dkt. No. 1.) However, the Plaintiff has previously filed numerous other motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, see, e.g., Kirk Irving Koskella v. United States of America, Case No. 2:04-CV-1186 (D. Utah, filed December 28, 2004); Kirk Irving Koskella v. United States, Case No. 2:05-CV-789 (D. Utah, filed March 3, 2005); Kirk Irving Koskella v. Woodring, et al., 2:06-CV-453 (D. Utah, filed June 7, 2006); Kirk Irving Koskella v. United States of America, 2:07-CV-270 (D. Utah, filed April 25, 2007), and is prohibited from filing successive motions under § 2255.

Accordingly, as the court has done previously, the court refers Plaintiff to this court's

Order dated September 2, 2005, which explicitly states: "[I]n accordance with the plea agreement signed by Mr. Koskella, the Court will no longer entertain motions from Mr. Koskella that collaterally attack his plea or sentence, unless directed to do so by the United States Court of Appeals for the Tenth Judicial Circuit." Koskella v. United States, Case No. 2:04-CV-1186, Dkt. No. 92 (D. Utah Sept. 2, 2005). Having failed to obtain the required authorization of the Tenth Circuit, this court declines to consider Plaintiff's motion and hereby transfers the motion to the United States Court of Appeals for the Tenth Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in district court without authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.").

It is so ordered.

DATED this 28th day of December, 2010.

_____
Dee Benson
United States District Judge